UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RONALD LEON DAVIS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00672-JRS-DLP |
| | ) |
| ROBERT E. CARTER, et al. | ) |
| | ) |
| Defendants. | ) |

**Order Granting Defendant's Motion for Partial Summary Judgment on
Eighth Amendment Claims for Failure to Exhaust Administrative Remedies**

Ronald Davis is a former inmate at Wabash Valley Correctional Facility. He brings this lawsuit against prison officials under 42 U.S.C. § 1983. He brings two categories of claims. First, he claims that he was denied meaningful and periodic reviews of his placement in administrative segregation in violation of the Fourteenth Amendment Due Process Clause. Second, he claims he was subjected to cruel and unusual conditions of confinement during his time in administrative segregation in violation of the Eighth Amendment.

The defendants have filed a motion for partial summary judgment on Mr. Davis' Eighth Amendment claims. They argue that he failed to exhaust his available administrative remedies before bringing this lawsuit and that his Eighth Amendment claims must be dismissed. For the reasons explained below, the motion for partial summary judgment is **GRANTED**, and Mr. Davis' Eighth Amendment claims are **DISMISSED WITHOUT PREJUDICE**.

**I. SUMMARY JUDGMENT STANDARD**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a

matter of law. *Id.*; *Pack v. Middlebury Com. Schools*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inference from it in the light most favorable to the nonmoving party. *Khungar v. Access Community Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

## II. BACKGROUND

### A. Eighth Amendment Claims

According to the complaint, Mr. Davis was placed in administrative segregation at Wabash Valley Correctional Facility from December 2010 until he filed the complaint in December 2020. During that time, he was deprived of nearly all human contact. His windowless cell was extremely cold year-round. He was given only one hour each week for recreation, and his ability to shower was limited to three times each week. *See* dkt. 1 (complaint); dkt. 12 (screening order).

### B. Grievance Process

Wabash Valley Correctional Facility maintains a grievance process that allows inmates to raise issues about the conditions of their confinement. Dkt. 37-1, paras. 5-6. (Templeton affidavit). The grievance process was modified several times between 2010 and 2020, but the basic structure remained the same. *See generally id.* and dkts. 37-2, 37-3, 37-4, 37-5 (grievance processes).

Inmates were required to submit a formal written grievance, followed by a facility-level appeal, followed by a department-level appeal. Dkt. 37-1, paras. 11, 21, 32, 53.

### C. Mr. Davis' Use of the Grievance Process

The defendants have submitted an affidavit from Tawni Templeton, a grievance specialist at Wabash Valley Correctional Facility. Dkt. 37-1, para. 2. According to Ms. Templeton, the factual allegations underlying Mr. Davis' Eighth Amendment claims were issues that could have been raised through the grievance process. *Id.* at para. 62.

Ms. Templeton has reviewed Mr. Davis' grievance history at Wabash Valley Correctional Facility. *Id.* at para. 60. According to Ms. Templeton, Mr. Davis did not file a formal grievance complaining about the conditions of his confinement in administrative segregation. *Id.* He did, however, file eight formal grievances on other, unrelated topics. *Id.* at 59; *see also* dkt. 37-7 (Mr. Davis' Grievance History). On one occasion, Mr. Davis filed a grievance appeal. *Id.*

### III. DISCUSSION

### A. Exhaustion Standard

The Prison Litigation Reform Act ("PLRA") provides, "No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." *See* 42 U.S.C. § 1997e. The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). The PLRA does not require inmates to submit multiple grievances to report a continuing harm or issue. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). Nor does the PLRA require inmates to submit separate grievances for every defendant ultimately sued. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

3

Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90. Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). However, a facility may waive certain procedural requirements by accepting and reviewing the grievance on the merits, rather than rejecting the grievance on procedural grounds such as timeliness. *See Maddox*, 655 F.3d at 722; *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). Exhaustion is an affirmative defense, and the defendants bear the burden of demonstrating that the plaintiff failed to exhaust all available administrative remedies before filing this suit. *Kaba v. Stepp*, 458 F.3d 678, 680-81 (7th Cir. 2006).

**B. Analysis**

The uncontradicted evidence shows that Wabash Valley Correctional Facility maintained a grievance process during the time relevant to the complaint. Mr. Davis was familiar with the grievance process and used it on eight separate occasions. At no time did Mr. Davis raise issues related to the conditions of his confinement in administrative segregation. Thus, he failed to exhaust his available administrative remedies, and his Eighth Amendment claims must be dismissed without prejudice.

In his response brief, Mr. Davis argues that the motion for partial summary judgment should be denied because the grievance process was not available to him. First, he argues that he submitted formal grievances about the conditions of his confinement but did not receive a response. Second, he argues that he was not informed how to use the grievance process and was

4

not educated about changes to the grievance process. Third, he argues that he did not have physical access to the law library where copies of the grievance processes were kept. *See* dkt. 46, para. 1.

Mr. Davis has not provided a citation to admissible evidence in the record to support these factual assertions. *See* Fed. R. Civ. P. 56(c)(3). His response brief is not verified under penalty of perjury and therefore may not be used as evidence to defeat the defendants' motion for summary judgment. *Cf. James v. Hale*, 959 F.3d 307, 314 (7th Cir. 2020) (noting that a complaint may only be used as evidence in opposition to a motion for summary judgment when it is verified under penalty of perjury). Because Mr. Davis' statements about the alleged unavailability of the grievance process are not supported by admissible evidence, they cannot establish a genuine dispute of material fact.

Mr. Davis appears to argue that he exhausted his available administrative remedies by filing a classification appeal on January 14, 2021. Dkt. 46 at para. 2 (citing dkt. 46-1). As an initial matter, there is no evidence that Mr. Davis could use the classification appeals process, instead of the offender grievance process, to raise issues about the conditions of his confinement. Also, Mr. Davis needed to exhaust his administrative remedies *before* filing suit, not after filing suit. *See Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004) (noting that lawsuits are routinely dismissed when plaintiffs exhaust their administrative remedies while the litigation is pending). Furthermore, the classification appeal he submitted relates only to his Fourteenth Amendment due process claims—not his Eighth Amendment conditions of confinement claims. Dkt. 46-1, p. 2 (complaining of due process violation for indefinite confinement in isolation).

Mr. Davis objects to the admissibility of Ms. Templeton's affidavit, the different versions of the grievance process, and his grievance history log. *See* dkt. 46, para. 4 (objecting to dkts. 37-1 to 37-7). However, Mr. Davis has not articulated an evidentiary basis to exclude this evidence.

He merely challenges the accuracy of the statements in Ms. Templeton's affidavit. *Id.* His objection is therefore overruled.[1]

### IV. CONCLUSION

The defendants' motion for partial summary judgment on Mr. Davis' Eighth Amendment claims is **GRANTED** and those claims are **DISMISSED WITHOUT PREJUDICE**.

The Court will issue a pretrial schedule for the resolution of Mr. Davis' Fourteenth Amendment due process claims in due course.

**IT IS SO ORDERED**.

Date: 3/28/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RONALD LEON DAVIS, SR.
870956
Lawton Correctional Facility
8607 Flowermound Rd
Lawton, OK 73501

Adrienne Nicole Pope
INDIANA ATTORNEY GENERAL
adrienne.pope@atg.in.gov

Benjamin Charles Wade
INDIANA ATTORNEY GENERAL
ben.wade@atg.in.gov

---

[1] Again, Mr. Davis' unverified assertions that these documents are inaccurate do not create a genuine dispute of material fact for purposes of summary judgment.